This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-delinquent Jennifer DaCosta appeals from the judgment of the Lorain County Court of Common Pleas, Juvenile Division, increasing her minimum commitment to the Ohio Department of Youth Services ("DYS") from six months to one year. This Court reverses and remands.
 I.
On April 14, 2000, a complaint was filed against DaCosta for delinquency by reason of burglary in connection with an April 4, 2000 incident. On April 25, 2000, DaCosta admitted her delinquency.
A dispositional hearing was convened on May 24, 2000. The court sentenced DaCosta to a term of commitment in the DYS, which term was suspended while she was enrolled in the Pathways Treatment program.
Due to DaCosta's inappropriate behavior at Pathways Treatment program, officials found her ungovernable and moved the court to reimpose the term of commitment to DYS. On March 14, 2001, another dispositional hearing was held. On May 16, 2001, the court reimposed an indefinite term of commitment to the DYS of a minimum of six months to a maximum period not to exceed the child's twenty-first birthday.
On June 12, 2001, the court modified its previous journal entry with a corrective entry, stating that the term of commitment originally imposed on May 24, 2000 was for an indefinite term of a minimum of one year and a maximum period not to extend beyond the child's twenty-first birthday. DaCosta was not brought before the court regarding this change.
DaCosta has appealed from the trial court's corrective journal entry of June 12, 2001, asserting two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR THE MODIFICATION OF THE JUVENILE'S SENTENCE WAS CONTRARY TO LAW BECAUSE THE JUVENILE COURT DID NOT HAVE JURISDICTION TO MODIFY THE SENTENCE.
In her first assignment of error, DaCosta claims that the juvenile court lost jurisdiction to issue a corrected term of commitment to DYS after her initial dispositional hearing was held. This Court disagrees.
The First District Court of Appeals elegantly summarized the unique qualities of a juvenile court in delinquency matters:
 A juvenile court has jurisdiction "concerning any child who on or about the date specified in the complaint is alleged to be" a delinquent child. This jurisdiction is continuing and may be invoked at any time by motion before the juvenile court. If the child is ultimately adjudicated delinquent, the court has wide latitude in the order of disposition that it may make. Because the purpose of maintaining a juvenile court is different from that of the criminal justice system for adults, a juvenile court is given discretion to make any disposition "that the court finds proper." The proceedings are considered not criminal but civil in nature, and the dispositions ordered by the court are considered not punitive but rehabilitative.
(footnotes and citations omitted.) In re Bracewell (1998),126 Ohio App.3d 133, 136-137.
This Court is persuaded by In re Cross (Dec. 11, 2000), Stark App. No. 2000CA00122, unreported, a matter directly analogous to the instant case. In In re Cross, the Fifth District Court of Appeals considered a delinquency case where the juvenile was found delinquent by reason of burglary, an act which would have been a felony of the second degree if committed by an adult. Id. The juvenile court initially sentenced the juvenile to an indefinite minimum term of six months at DYS to a maximum of until his twenty-first birthday. Id. The juvenile court later entered judgment nunc pro tunc, amending the juvenile's minimum term from six months to one year. Id. The Fifth District Court of Appeals concluded that the juvenile court did have the jurisdiction and authority to amend the sentence "because R.C. 2151.355 gives a Juvenile Court broad discretion to make any disposition the court finds proper." Id., citingIn re Bracewell, supra.
For the reasons set forth above, this Court finds that the juvenile court was within its discretion to issue the corrective entry. Accordingly, DaCosta's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT VIOLATED JENNIFER DACOSTA'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIO[N] 16 OF THE OHIO CONSTITUTION WHEN IT DENIED THE RIGHT TO BE PRESENT AT EVERY STAGE OF THE PROCEEDINGS AGAINST HER.
In her second assignment of error, DaCosta claims that she should have been present and accorded a hearing when her term of commitment was amended. See Crim.R. 43. This Court agrees. See In re Cross, supra (court agreed with state concession that juvenile should have been accorded a sentencing hearing when her term of commitment was amended). Delinquents should be present and accorded a hearing when their term of commitment is amended. DaCosta's second assignment of error is sustained.
 III.
For the foregoing reasons, the judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed in part and reversed in part, and the cause is remanded to that court to conduct a sentencing hearing with DaCosta present.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
SLABY, J., WHITMORE, J. CONCUR.